PETITION OF HELENA DEBRABANT.

MARCH 15, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition was brought by the defendant in an action of assumpsit in the superior court who within one year after having been defaulted, prays that this court order a trial in that action pursuant to the provisions of G. L. 1956, §9-21-4. The respondent in his answer contends that said default judgment had not been entered by reason of accident, mistake, or unforeseen cause and therefore moves that the instant petition be denied and dismissed.

It appears from the record that on July 8, 1960 the instant respondent, referred to hereinafter as plaintiff, attached certain properties of the instant petitioner, referred to hereinafter as defendant, that were in the hands and possession of a warehouseman. The return of the officer who served process sets out that defendant had no usual place of abode within his precinct and that on July 11, 1960 he sent an attested copy of the return by postpaid mail to defendant at 700 North Lake Trail, Palm Beach, Florida. The plaintiff on March 9, 1961 moved to assign the case for

trial, and a copy of that motion was sent by mail to the Palm Beach address.

It appears from the jacket entries that on March 28, 1961 the matter was heard on proof of claim, defendant defaulted, and judgment entered for plaintiff in the amount of $5,047.76. However, on April 6, 1961 plaintiff moved to set aside the judgment entered in his behalf on March 28, and a copy of this motion was sent by mail to defendant at the Palm Beach address. It appears further from the jacket entries that this motion was heard on April 24, 1961, the judgment theretofore entered was set aside, decision was for plaintiff in the amount of $5,047.76, and judgment was stayed pending a charging of the garnishee, the case being continued for that purpose.

The plaintiff on April 27, 1961 moved to assign the case for hearing to May 15, 1961 for the purpose of charging the garnishee and for the entry of judgment. On May 15, 1961 this motion was heard in part and continued. After several such continuances the motion was set down for hearing on January 22, 1962. Counsel who represents defendant in the instant matter, having at that time informed plaintiff that he represented defendant, was notified by mail of the date to which the hearing had thus been continued. The hearing was held on January 22, the garnishee was charged, judgment was entered for plaintiff, and no appearance was made on defendant's behalf.

The defendant has attached an affidavit to her petition in the instant matter wherein she alleges that she left the United States for England in August 1960 and that since that time she has continued to reside outside of this country except for a period of time during September and October 1961 when she was in New York City for the purpose of undergoing surgery. She alleges further therein that she first learned of the institution of the assumpsit action in the superior court during November 1960 while she was

residing in London, England, and that she had no further knowledge of the progress of the case except that afforded her in a letter dated May 22, 1961, in which letter the garnishee warehouseman informed her that he had been summoned to appear in the action below. Such letter, she alleges, reached her in July 1961 in Barcelona, Spain.

This defendant, in effect, is asking this court to set aside the default judgment that had been entered in the action below on January 22, 1962 and to order a trial in that case. She relies on §9-21-4 wherein it is provided that a party to an action in the superior or district court "wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, may, within one (1) year after such judgment, petition the supreme court for a trial * * *" and provides that such a trial may be ordered on such terms as the court may prescribe. The plaintiff challenges the right of defendant to the relief that is provided for in this section of the statute, arguing that the default judgment in question had not been entered by reason of accident, mistake, or unforeseen cause. It is our opinion that this contention has merit.

In *Cataldo* v. *Pono,* 89 R. I. 240, we held that the provisions of §9-21-4 which provide for the time within which the relief contemplated therein may be granted was unambiguous and would be interpreted literally. It is our further opinion that those provisions of this section of the statute which relate to the grounds upon which a grant of such relief is predicated are also unambiguous and must be interpreted literally. In short, it is our opinion that this court is without authority to order a trial pursuant to this statute absent a showing that the default was entered by reason of accident, mistake, or unforeseen cause.

The defendant argues that the statute, contemplating as it does that a litigant shall not be deprived of his day in

court, is remedial and therefore should be given a liberal interpretation. In so arguing she directs our attention to the language we used in *Ktorides* v. *Kazamias,* 75 R. I. 465, and in *Martin* v. *Weeks,* 72 R. I. 436. In those opinions this court did take the view that the purpose of the statute was to provide for a trial where none had been had and that the court has a wide discretion in passing upon a petition for such relief. However, we do not perceive that in either of these cases the court subscribed to the view that the condition precedent to the grant of such relief, that is, that the default judgment had been entered by reason of accident, mistake, or unforeseen cause, can be negatived under the guise of giving a liberal interpretation to the language thereof.

In *Ktorides* v. *Kazamias, supra,* it is clear that this court recognized that it has jurisdiction to grant the relief provided herein only when it is shown that the default judgment had been entered by reason of accident, mistake, or unforeseen cause. The court examined closely the facts set out in the affidavit of the defendant therein in an attempt to ascertain whether the default had resulted from accident, mistake, or unforeseen cause. By making a liberal application of the rule to the facts so alleged, the court concluded that the defendant could not reasonably have foreseen that he could be subjected to a legal action in a jurisdiction in which he no longer resided merely because he had continued to maintain a savings account in a bank therein. The court by a liberal application of the rule to the fact situation found that the judgment had been entered by reason of unforeseen cause, but it did not either in express terms or by clear implication negative the condition precedent to the grant of such relief.

The purpose of the statute is to give the defendants who have been deprived of their day in court without any dereliction or omission on their part an opportunity to have a

trial on the merits. The legislature did not intend to give such a trial to a defendant who by his own neglect or omission created a situation in which a default judgment could properly be entered. This court will not impute to the legislature an intention to relieve a defendant guilty of dereliction from the adverse effects thereof and so deprive a diligent plaintiff of the benefits of a judgment properly entered. In other words, it is our opinion that the legislature in enacting this section intended to provide relief only where by so doing manifest injustice would be prevented.

On several occasions this court has refused to grant the relief contemplated in this section on the ground that petitioners had not established that the default judgment had resulted from accident, mistake, or unforeseen cause. In *Tew* v. *Rhode Island Coach Co.,* R. I., 133 Atl. 660, this court said at page 661: "No facts are alleged in the petition or affidavit showing accident, mistake, or unforeseen cause. For all that appears, the neglect to answer the action was caused by the negligence of the officer upon whom the writ was served. For such neglect said section 5106 provides no remedy." In short, this court took the view that the statute gave it no authority to grant the relief provided for therein where the default judgment was entered by reason of some omission or dereliction on the part of the defendant. See *De Santis* v. *Amicarelli,* R. I., 131 Atl. 197; *McKeough* v. *Gifford,* 30 R. I. 192.

Nothing is alleged in the petition or set out in the affidavit attached thereto from which it reasonably could be found that the default judgment had been entered by reason of accident, mistake, or unforeseen cause. It is clear from the affidavit that defendant knew of the institution of the action in the superior court in November 1960, at which time she was in London. She deposes further that in July 1961 she obtained from the warehouseman information concerning further proceedings in the matter, which

information reached her in Barcelona, Spain. She then deposes that, having such knowledge, she returned to New York where she remained for a period of several weeks during September and October 1961 without, so far as it appears, in any manner undertaking to defend or to ascertain the status of the action brought in the superior court.

In these circumstances it is obvious that the default judgment entered in January 1962 had not been entered by reason of accident or mistake of fact. It is our further opinion that however liberal an application of the pertinent rule we might make to the fact situation here, we could not conclude that the defendant reasonably could not have foreseen that judgment by default might well be entered in the action that she knew had been instituted and could by reasonable inquiry have known was still pending in September 1961. It is our opinion that the defendant has failed to sustain the burden of establishing that the default judgment in the action below was entered by accident, mistake, or unforeseen cause and is therefore not within the purview of §9-21-4.

The petition for trial is denied and dismissed.

*Sheffield & Harvey, Richard B. Sheffield,* for petitioner.

*Salvatore L. Virgadamo, James E. Murphy,* for respondent.